**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 16-1167**

───────────

GEORGINA OWUSU,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

───────────

**No. 16-1168**

───────────

YAW BOATENG,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

───────────

On Petitions for Review of Orders of the Board of Immigration Appeals.

───────────

Submitted: August 12, 2016      Decided: August 26, 2016

───────────

Before SHEDD and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────

Petitions denied by unpublished per curiam opinion.

———————————

Gary J. Yerman, New York, New York, for Petitioners. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, John S. Hogan, Assistant Director, Ashley Martin, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated petitions for review, Georgina Owusu and Yaw Boateng, natives and citizens of Ghana, seek review of two separate orders of the Board of Immigration Appeals (Board) dismissing their appeals from the immigration judge's denial of their applications for cancellation of removal.[*]

On appeal, the Petitioners first argue that the agency erred in concluding that they failed to establish the requisite good moral character required for a grant of cancellation of removal. The Attorney General may cancel the removal of a nonpermanent resident alien if the alien (1) has been physically present in the United States continuously for at least 10 years; (2) has had good moral character during that time period; (3) has not been convicted of certain enumerated offenses; and (4) establishes that removal would result in "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1) (2012); Obioha v. Gonzales, 431 F.3d 400, 403 n.1 (4th Cir. 2005).

---

[*] Although the immigration judge also denied Owusu's applications for asylum, withholding of removal, and protection under the Convention Against Torture, Owusu does not challenge the denial of these forms of relief on appeal. She has therefore waived appellate review of these issues. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004).

Upon review, we conclude that substantial evidence supports the agency's finding that the Petitioners were statutorily precluded from establishing good moral character pursuant to 8 U.S.C. § 1101(f)(6) (2012) (providing that "[n]o person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was . . . one who has given false testimony for the purpose of obtaining any benefits under this chapter."). See Ramos v. Holder, 660 F.3d 200, 203 (4th Cir. 2011) (noting that the "determination that an alien is per se ineligible to establish the good moral character necessary for cancellation of removal is essentially a legal determination involving the application of law to factual findings" and that "our review of the agency's factual determinations is necessarily limited" and must be upheld if "supported by substantial evidence from the record as a whole" (alterations and citations omitted)). We therefore uphold the denial of relief for the reasons stated by the Board. In re Owusu, No. 16-1167 (B.I.A. Feb. 1, 2016); In re Boateng, No. 16-1168 (B.I.A. Feb. 1, 2016).

Additionally, the Petitioners argue that the immigration judge erred in failing to sua sponte recuse himself and that the Board erred in dismissing their due process arguments on the ground that the immigration judge's statements were not made on

4

the record.  We conclude that the Board did not err in declining to address the alleged off-the-record statements in light of the Petitioners' failure to raise the issue before the immigration judge.  "[T]he failure to raise an issue before the [immigration judge] properly waives the argument on appeal to the [Board]." Torres de la Cruz v. Maurer, 483 F.3d 1013, 1023 (10th Cir. 2007) (declining to consider argument that alien failed to raise before [the immigration judge] and that Board subsequently deemed procedurally barred).  In any event, our review of the Petitioners' due process claim reveals that they failed to demonstrate the requisite prejudice.  See Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008); Rusu v. INS, 296 F.3d 316, 320 (4th Cir. 2002).

We therefore deny the petitions for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITIONS DENIED